## Ficklin Brassier, Appellee, v. Ed. S. Wilson, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Richland county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action by Ficklin Brassier against Ed. S. Wilson for the value of a heifer alleged to have been lost while being pastured for hire by defendant for plaintiff. From a judgment for plaintiff, defendant appeals.

Plaintiff testified to what one Daugherty did in relation to defendant's business in 1911, to a conversation in the fall of 1913 with defendant in Daugherty's presence about renting of pasture from Daugherty, amount due, and that defendant said it was all right, the keeping of a book of the pasturing, and plaintiff's seeing this book with the account against him as to the heifer in question and as to when she was taken into the pasture. This conversation was not denied by either defendant or Daugherty. Defendant admitted that he had kept such a book of account, but at the time of the trial the book was lost.

LYNCH & MARTIN, for appellant.

H. G. MORRIS, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1327*—*what presumed in favor of judgment.* Every legal presumption will be indulged in favor of a judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Brassier v. Wilson, 194 Ill. App. 66.

2. APPEAL AND ERROR, § 365*—*necessity for preserving errors.* Before a judgment will be reversed or set aside, the party complaining must preserve and present in the manner provided by law the errors upon which he relies to overthrow the same.

3. APPEAL AND ERROR, § 1712*—*when error considered waived.* Errors not urged or argued are deemed upon appeal to have been waived.

4. EVIDENCE, § 476*—*how preponderance determined.* The preponderance of evidence is not necessarily determined alone by the greater number of witnesses, but where there are the same number of witnesses testifying on each side, there may still be a preponderance on one side or the other.

5. ANIMALS, § 10*—*when agistment contract established.* An implied contract to pasture an animal for hire through an agent and to safely return it is established by a preponderance of the evidence in action to recover for the value of the animal which had been lost while being pastured by defendant, where the evidence did not simply rest upon a bare statement by one party and a denial by the other, but was also based upon a conversation between plaintiff and defendant and defendant's agent relative to the renting of the pasture, and the amount due, plaintiff further testifying that defendant said it was all right, and that he saw the book of account, neither defendant nor his agent denying the conversation, nor that a book was kept, but that the book was lost.

6. ANIMALS, § 10*—*who has burden of justifying loss of animal under agistment contract.* The burden of proof is upon one receiving an animal under an implied contract to pasture the animal for hire and to safely return it, to prove that the loss of the animal occurred without his fault.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.